UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

ALEXANDRO SUERO,

Defendant.

11-CR-84 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received the attached correspondence from defendant Alexandro Suero, which the Court treats as a *pro se* motion for compassionate release. To assure able briefing and thoroughgoing consideration of the issues presented, the Court asks trial counsel for Mr. Suero to submit a memorandum of law in support of this application. This letter is due Monday, July 20, 2020. The Government's response is due Wednesday, July 22, 2020. The Court encourages Government and defense counsel to confer in advance of these submissions to assure a full mutual understanding of the issues presented and arguments to be made.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Suero at LSCI Allenwood, P.O. Box 1000, White Deer, PA 17887-1000.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 14, 2020
　　　　New York, New York

TRULINCS 63928054 - SUERO, ALEXANDRO - Unit: ALF-G-A

---

FROM: 63928054
TO: Pagan, Reinerio
SUBJECT: Re: LEGAL CORRESPONDENCE
DATE: 07/05/2020 11:35:22 AM

x

Alexandro Suero (63928-054)
LSCI ALLENWOOD
P. O. Box 1000
White Deer, PA 17887-1000

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

July 6, 2020

EMERGENCY MOTION FOR RELIEF

BY CERTIFIED FIRST CLASS MAIL

Regarding: United States v. Alexandro Suero
District Court Case No. 11-CR-84 (PAE)

Dear Judge Engelmayer

    Defendant Pro Se Alexandro Suero ("Suero") respectfully submits this letter motion and will move this Court before Honorable Paul A. Engelmayer, United States District Judge at 500 Pearl Street, New York, New York 10007 for an order appointing counsel for him pursuant to 18 U.S.C.S. 3006A to assist with the filing of motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A)

    As amended by the First Step Act of 2018, 18 U.S.C. Section 3582(c)(1)(A) authorizes a court to modify and reduce a term of imprisonment upon a motion of the defendant (after the defendant has exhausted his administrative remedies). Upon finding that "extraordinary and compelling reasons" warrants such a reduction. 18 U.S.C.S. 3582(c)(1)(A). Defendant here submits that he has exhausted his administrative remedies, insofar as he has requested relief from the Warden of his facility, and his request was denied. Further, since the Bureau of Prisons has determined that Defendant is not eligible for relief, further attempts at exhaustion would be nothing more than an exercise in futility. Further, this case presents both "extraordinary and compelling reasons" (i.e. Defendant's heightened vulnerability to the corona virus due to his medial pre-conditions) to modify the sentence.

    Defendant has also requested of the Warden that he be released to home confinement under both the CARES Act, and directives issued by the U.S. Attorney General to the Bureau of Prisons on March 26, 2020 and April 3, 2020, in light of his heightened risk of contracting the virus and perishing from it. The Warden declined his request citing to Bureau of Prisons policy rendering Defendant ineligible for the relief he seeks. Nothing more is required since any further attempts to exhaust his administrative remedies will be met with the exact same results. Further attempts would therefore be futile, and the Court has jurisdiction to entertain and grant him emergency modification of the sentence.

    Even where exhaustion is seemingly mandated by statute or decisional law (as is the case with Section 3582(c)(1)(A)), the requirement is not absolute. "Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019)" Exhaustion would be unnecessary where an attempt to resolve the matter with the agency would be noting more than an exercise in futility. An individual "may bypass the administrative process where exhaustion would be futile or inadequate" Honig v. Doe, 484 U.S. 305, 327 (1988); Smith v. Robinson, 468 U.S. 992, 1014 n.17 (1984). Exhaustion would be futile where there is a "certainty of an adverse decision" from the agency Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993); McQueen v. Colo Springs Sch. Dist. No. 11, 488 F.3d 868, 875 (10th Cir. 2007). "[I]f an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider, "exhaustion is not required." Randolph-Sheppard Vendors of America v. Wemberger, 795 F.2d 90, 105 (D.C. Cir. 1986). Further, the fact that an administrative agency lacks or believes itself to lack authority to act upon a dispute can make an adverse decision certain. See, Weinberger v. Wiesenfeld, 420 U.S. 636, 641 n.8 (1975); McNeese v. Board of Education, 373 U.S. 669, 674-76 (1963).

TRULINCS 63928054 - SUERO, ALEXANDRO - Unit: ALF-G-A

----------------------------------------------------------------------------------------

    Defendant Pro Se, Alexandro Suero, is a pro se defendant, therefore his pleadings are generally liberally construed and held to a less stringent standard than pleadings drafted by an attorney. See Hughes v. Rowe, 449 U.S. 6, 9 (1980) (per curiam); Estelle v. Gamble, 429 U.S. 97 (1976)

    For all the foregoing, Defendant Suero respectfully requests that this Court grant his motion: to appoint him counsel who will assist him to file motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A); and all other relief which this Court may deem proper.

Dated: July 6, 2020
       White Deer, PA 17887-1000

                                                                                             RESPECTFULLY SUBMITTED

                                                                                             /s/ Alexandro Suero

                                                                                             Alexandro Suero
                                                                                             Defendant Pro Se

ALEXANDRO SUERO (63928-054)
LSCI ALLENWOOD
PO BOX 1000
WHITE DEER, PA 17887-1000

Received 7/14/20
MM

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

